| | |
|---|---|
| 1 | Anet C. Drapalski (SBN 282086) |
| 2 | E-Mail: adrapalski@fisherphillips.com<br>Marianna Bertikian (SBN 322596) |
| 3 | E-Mail: mbertikian@fisherphillips.com<br>FISHER & PHILLIPS LLP |
| 4 | 444 South Flower Street, Suite 1500<br>Los Angeles, California 90071 |
| 5 | Telephone: (213) 330-4500<br>Facsimile: (213) 330-4501 |
| 6 | Attorneys for Defendant |
| 7 | SOUTHWEST AIRLINES CO. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE JOHNSON, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SOUTHWEST AIRLINES, CO; a corporation doing business in California, DOES 1 through 100,<br><br>　　　　　　　Defendants. | Case No.:<br><br>*[Removed from Los Angeles County Superior Court Case No. 22STCV39225]*<br><br>**DEFENDANT SOUTHWEST AIRLINES CO.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet, Corporate Disclosure Statement, Declarations of Marianna Bertikian and Shari Conaway, Notice of Related Cases, and Certificate of Interested Parties]*<br><br>Complaint Filed:　December 19, 2022<br>Trial Date:　　　　Not Yet Set |

---

DEFENDANT SOUTHWEST AIRLINES CO.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 46097148.3

**TO PLAINTIFF, HER COUNSEL OF RECORD, AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, Defendant SOUTHWEST AIRLINES CO. ("Southwest" or "Defendant") by and through its counsel of record Fisher & Phillips LLP, hereby submits this Notice of Removal and Petition to Remove this action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California (Western Division) pursuant to 28 U.S.C. §§ 1332 and 1441(b). The grounds for removal are as follows:

## I.  STATEMENT OF JURISDICTION

1. This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below. *See* 28 U.S.C. §§ 1332, 1441(b).

## II.  VENUE

2. This action was filed in the California Superior Court for the County of Los Angeles. Thus, venue properly lies in the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

## III.  PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

3. On December 19, 2022, Plaintiff Dominique Johnson ("Johnson" or "Plaintiff") filed a civil action in the Los Angeles Superior Court entitled *Dominique Johnson v. Southwest Airlines, Co., et al.*, Case No. 22STCV39225 ("State Lawsuit"). *See* Declaration of Marianna Bertikian ("Bertikian Decl."), ¶¶ 3–4, **Exhibit A**.

4. On December 23, 2022, Johnson served Southwest with the

Complaint. Bertikian Decl., ¶ 4. The complaint alleges four causes of action for: (1) Discrimination based on Disability, *California Government Code §§12940 et. seq.*; (2) Retaliation for Protected Conduct Against Plaintiff for Taking Medical Leave in Violation of *California Government Code §§12940(a)(h)*; (3) Failure to Take Reasonable Steps to Prevent Discrimination, *California Government Code §§12940(k)*; and (4) Wrongful Termination in Violation of Public Policy. *See* Bertikian Decl., ¶ 4, **Exhibit A**.

5. Southwest filed an Answer to the Complaint on January 19, 2023 in Los Angeles County Superior Court. Bertikian Decl., ¶ 5, **Exhibit B**.

6. As of the date of this Notice of Removal, no other processes, pleadings, and/or orders have been served upon Southwest in the State Lawsuit. Bertikian Decl., ¶ 7.

7. This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based. *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (11th Cir. 1999). In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

IV. **GROUNDS FOR REMOVAL**

   A. **Complete Diversity of Citizenship Exists Between Johnson and Southwest**.

      i. ***Citizenship of Plaintiff Johnson***

8. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. 28 U.S.C. § 1332 (a)(1); *see also Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain); *Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence is *prima facie* evidence of domicile.

*Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). It is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

9. In her Complaint, Johnson alleges that at "all times" she was and is "an individual residing in the County of Los Angeles, State of California." *See* Bertikian Decl., ¶ 4, **Exhibit A**, Compl., at ¶ 1. Nothing in the Complaint or other pleadings suggest otherwise. Accordingly, Plaintiff is domiciled in and is a citizen of the State of California.

### ii. Citizenship of Southwest

10. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (U.S. 2010). This is the corporation's "nerve center." *Id.* at 1181. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at 93. The "nerve center" analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092–93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made).

11. At all times alleged in the State Lawsuit, at the time of the filing of this action, and at the time this Notice of Removal was filed, Southwest was (and

is) a Texas corporation. *See* Declaration of Shari Conaway ("Conaway Decl."), ¶ 3, **Exhibit D**. Similarly, at those times, Southwest's principal place of business was (and is) located in Dallas, Texas. *See id*. Southwest controls, directs, and coordinates the company's business activities at its Dallas, Texas headquarters. *See id*. Southwest's officers work and are located in Southwest's Dallas, Texas headquarters. *See id*. Accordingly, Southwest is a citizen of the state of Texas as it is incorporated in and has its principal place of business in Texas.

### iii. Citizenship of Doe Defendants

12. The Complaint also names as Defendants DOES 1 through 100 ("DOE Defendants"). The one-hundred "Doe" Defendants named in the Complaint are not considered in assessing diversity. *See*, *e.g.*, *Newcombe v. Adolf Coors Co*. 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal.

13. Because Plaintiff is a citizen of California and Southwest is a citizen of Texas, complete diversity of citizenship exists in this matter. The parties are therefore diverse of citizenship as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### B. The Amount in Controversy Requirement is Satisfied.

14. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

15. The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. Indeed, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014).

16. Where, as here, a complaint does not state the amount in controversy, removal is proper if the court finds by a preponderance of evidence that the amount in controversy plausibly exceeds the jurisdictional threshold of $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

17. While Southwest adamantly denies Johnson's allegations, denies any liability, and denies Johnson has suffered any damages, based upon the allegations contained in the Complaint, the amount of controversy in this action plausibly exceeds $75,000, exclusive of interest and costs. For purposes of determining the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Moreover, the amount in controversy can be determined from the Complaint or from other sources, including statements made in the notice of removal. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the

removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy); *Kanter*, 265 F.3d at 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination).

18. Southwest employed Johnson, who is 29 years old, as a full-time Operations Agent beginning in March 28, 2022. *See* Bertikian Decl., ¶ 4, **Exhibit A**, Compl., at ¶ 7; Conaway Decl., ¶ 4.

19. Johnson alleges that Southwest terminated her employment on or about October 14, 2022 because of Plaintiff's alleged disability and/or perceived disability, Plaintiff's request for an accommodation, Plaintiff taking a medical leave of absence, and to allegedly avoid the perceived probability of having to accommodate any anticipated future medical leave(s) and/or accommodations that Plaintiff might require. *See* Bertikian Decl., ¶ 4, **Exhibit A**, Compl., at ¶¶ 7, 14.

20. Johnson asserts that as a result of her allegedly unlawful discrimination and termination, she has suffered lost wages and benefits, and also suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in body and mind. *See id.*, Compl., at ¶¶ 23–24, 33–34, 45, 53–54, Prayer for Relief.

21. At the time of her separation of employment, Johnson's hourly rate was $17.41 and her overtime hourly rate was $26.12. Conaway Decl. ¶ 4. While employed by Southwest, Johnson worked on average approximately forty-three hours per week making approximately $40,287.52 yearly in compensation from Southwest (calculated as $774.76 weekly salary [$17.41/hour x 40 hours + $26.12/OT x 3 hours] over 52 weeks). Conaway Decl. ¶¶ 4–6, **Exhibit E**.

22. Johnson accuses Southwest of carrying out actions against Johnson in a willful, intentional, and malicious manner, with the intent to vex, injure and annoy Johnson and in conscious disregard of Johnson's rights. Bertikian Decl., ¶ 4,

**Exhibit A**, Compl., at ¶¶ 27, 38, 48, 57.

23. The Complaint purports to assert four causes of action. *See* Bertikian Decl., ¶ 4, **Exhibit A**. In all four of the causes of action, Johnson seeks damages for lost wages and benefits. *See id.*, Compl. at ¶¶ 23, 33, 45, 53, Prayer for Relief.

24. In all of the causes of action, Johnson seeks economic and non-economic damages, exemplary and punitive damages, and attorneys' fees and costs. *See id.*, Compl., at ¶¶ 23–24, 26–27, 33–34, 37–38, 45, 47–48, 53–54, 56–57, Prayer for Relief.

25. As discussed above, Johnson alleges her employment was terminated on October 14, 2022. Bertikian Decl., ¶ 4, **Exhibit A**, Compl. ¶ 7. Between the date of her termination and the date of this Notice of Removal, approximately 14 weeks have passed. Accordingly, Johnson's backpay claim plausibly approximates to $10,846.64 (calculated as $774.76 weekly salary over 14 weeks), as of the date of this Notice of Removal. However, it is likely that Johnson will seek lost wages from the date of her termination through trial. It is also likely that trial will not be set for at least a year after the filing of this Notice of Removal (that is, approximately 66 weeks after Johnson's employment termination)—at which point, Johnson's amount in back pay claim will plausibly approximate $51,134.16 (calculated as $774.76 weekly salary over 66 weeks).[1] Thus, Johnson's claim for lost wages alone almost satisfies the amount in controversy requirement. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (plaintiff's lost wages are included in amount in controversy); *Browand v. Ericsson Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *5 (N.D. Cal. Aug. 1, 2018) (defendants' calculation that plaintiff would be owed more than $75,000 in backpay if she was

---

[1] Southwest does not concede that Johnson has stated a claim on which relief can be granted, that she suffered any damages, or that Southwest is responsible for any damages she may have suffered. In fact, Southwest denies all of these allegations. Southwest reserves all defenses, including but not limited to defenses relating to failure to mitigate and the after acquired evidence defense.

wrongfully terminated sufficient to establish amount in controversy); *Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310, at *2 (N.D. Cal. Dec. 22, 2014) (defendant's reasonable calculation that plaintiff's backpay exceeds $75,000 sufficient to establish the amount in controversy).

26. Johnson's potential front pay damages may also be considered in establishing the amount in controversy. *See Chavez*, 888 F.3d at 417-18 (where "a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."). Such damages can include pay for multiple years of employment. *See, e.g.*, *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (4 years' pay deemed reasonable as "front pay" damages). Here, therefore, Johnson in theory seeks front pay damages for multiple years, as she is only twenty-nine years old. Conaway Decl., ¶ 4. Assuming Johnson merely obtains three years of front pay damages, this would amount to $120,862.56 (calculated at an annual rate of compensation of $40,287.52 over three years).[2] Thus, Johnson's front pay claim alone also exceeds the threshold amount in controversy for diversity jurisdiction.

27. Johnson's allegations of emotional distress damages may also be considered when assessing the amount in controversy. *See Kroske*, 432 F.3d at 980; *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Johnson alleges work-related emotional distress, including humiliation, mental anguish, and severe emotional and physical distress, and injury in body and mind. *See id.*, Compl. ¶¶ 24, 34, 45, 54, Prayer for Relief. Employment discrimination cases in California alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ($300,000 emotional distress award

---

[2] Southwest does not concede that Johnson is entitled to front pay damages and in fact denies that Johnson was damaged by any of Southwest's alleged conduct. Southwest reserves all of its defenses.

where plaintiff suffered depression and other mental anguish following discrimination, even where plaintiff did not formally consult a doctor, did not take any medication for her condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 183, 185 (2008) (affirming emotional distress award of $660,000 on plaintiff's FEHA discrimination and retaliation claims where plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for FEHA discrimination claims where plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (affirming award of more than $110,000 in emotional distress damages in employment discrimination case where plaintiff was diagnosed with anxiety); *Lave v Charter Commc'ns, LLC*, No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) (verdict awarding $575,000 in emotional distress damages where FEHA and IIED plaintiff experienced depression, insomnia, irritability, and anxiety); *see also Glenn-Davis v. City of Oakland*, No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims). Accordingly, Johnson's claim for emotional distress injuries plausibly establishes the amount in controversy. *See Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (amount in controversy was established in discrimination and retaliation case claiming emotional distress because emotional distress damages in similar cases have been substantial).

28. Johnson's claim for punitive damages can also be considered when assessing the amount in controversy.[3] Employment discrimination cases in

---

[3] Southwest strongly denies that Johnson would be entitled to any punitive damages and plans to move to summarily dismiss any such claim for damages. Notably,

California have resulted in punitive damages awards exceeding $75,000. *See Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims); *Alvarado v. Fed. Express Corp.*, No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) (upholding $300,000 punitive damages award in discrimination case); *Harvey v. Sybase, Inc.*, 76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) (reinstating $500,000 punitive damages award on plaintiff's FEHA discrimination claims); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in a discrimination case under the Fair Employment and Housing Act ("FEHA")); *Hunio v. Tishman Const. Corp. of Cal.*, 18 Cal. Rptr. 2d 253, 257, 266 (Cal. Ct. App. 1993) (finding award of $1 million in punitive damages on discriminatory constructive discharge cause of action was "certainly within permissible limits"). Accordingly, Johnson's punitive damages claim plausibly establishes the amount in controversy. *See Rodriguez*, 2016 WL 3902838, at *6 (claim for punitive damages in employment discrimination and retaliation case established amount in controversy because punitive damage awards in similar cases have exceeded jurisdictional threshold).

29. Johnson has also demanded attorneys' fees, which are recoverable under the statutes on which she has sued. If attorneys' fees are recoverable by the plaintiff, the fee claim is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002). A plausible estimation

---

Southwest denies any and all allegations in Johnson's complaint and denies any wrongdoing.

of an attorneys' fee award in this case easily exceeds $75,000. *See Lafever v. Acosta, Inc.*, No. C10-01782 BZ, 2011 WL 5416650, at *6 (N.D. Cal. Nov. 8, 2011) (awarding attorneys' fees of $548,243 to successful plaintiff in FEHA case); *Hamed v. Macy's W. Stores, Inc.*, No. CV 10-2790 JCS, 2011 WL 5183856, at *1 (N.D. Cal. Oct. 31, 2011) (awarding $463,401 in attorneys' fees to plaintiff who obtained a jury verdict of approximately $100,000 on FEHA age discrimination claim); *Leuzinger v. Cty. of Lake*, No. C 06-00398 SBA, 2009 WL 839056, at *12 (N.D. Cal. Mar. 30, 2009) (awarding attorneys' fees of $735,500 to partially successful plaintiff in FEHA case); *Pande*, 2008 WL 906507, at *9 (awarding attorneys' fees of $464,938 to plaintiff who prevailed on claims for FEHA retaliation and wrongful termination in violation of public policy).

30. Taken together, Johnson's distinct claims for damages therefore plausibly exceed the minimum jurisdictional threshold. Accordingly, removal is appropriate.

31. In sum, the evidence in the Complaint itself is sufficient to establish that Johnson has placed in controversy an amount plausibly exceeding the jurisdictional minimum amount of $75,000.00, exclusive of costs and interest. Accordingly, the State Lawsuit may be removed to the United States District Court for the Central District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

## V.     PROCEDURAL PREREQUISITES

32. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California is the appropriate court to which to remove this action from the Los Angeles County Superior Court, where the action was filed.

33. As required by 28 U.S.C. § 1446(d), a written notice of this Notice of Removal in the United States District Court for the Central District of California will be served on Johnson's counsel of record, Law Offices of Michael T. Carr,

APC. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached to the Declaration of Marianna Bertikian as **Exhibit C** (without exhibits as the exhibit is this Notice). In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Los Angeles.

34. Pursuant to 28 U.S.C. § 1446 (b)(2)(A)-(C), all Defendants who have been joined and served in this matter consent to removal and join in this Notice of Removal.

35. This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

36. In filing this notice, Southwest does not waive any defenses.

37. In filing this notice, Southwest does not admit any of the allegations made in Johnson's State Lawsuit.

## VI. CONCLUSION

38. Based on the foregoing, Southwest prays that the above-described action pending in the Superior Court of California, County of Los Angeles be removed to the United States District Court for the Central District of California.

DATE: January 20, 2023         FISHER & PHILLIPS LLP

By: */s/ Marianna Bertikian*
Anet C. Drapalski
Marianna Bertikian
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

# PROOF OF SERVICE
## (CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On January 20, 2023, I served the following document(s) **DEFENDANT SOUTHWEST AIRLINES, CO.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § § 1332, 1441, AND 1446** on the person(s) listed below by placing ☐ the original ☒ a true copy thereof addressed as follows:

| | |
|---|---|
| Michael T. Carr | Attorneys for Plaintiff |
| Valerie C. Leones | DOMINIQUE JOHNSON |
| LAW OFFICES OF MICHAEL T. CARR, | |
| 2670 South Myrtle Avenue, Suite 106 | Tel: (626) 254-8901 |
| Monrovia, CA 91016-5077 | mike@michaelcarrlaw.com |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed January 20, 2023, at Los Angeles, California.

| Cina Kim | By: /s/ Cina Kim |
|---|---|
| Print Name | Signature |